Gerald A. Emanuel (State Bar No. 61049)
Amy Carlson (State Bar No. 213294)
HINKLE, JACHIMOWICZ, POINTER & MAYRON
2007 West Hedding Street, Suite 100
San Jose, CA 95128
Phone (408) 246-5500
Fax (408) 246-1051

Attorneys for Plaintiff
George Moore


Timothy J. Murphy (State Bar No. 54200)
Stacey A. Zartler (State Bar No. 160859)
FISHER & PHILLIPS LLP
501 – 14th Street, Suite 200
Oakland, CA  94612
Phone:  (510) 763-4411
Fax:     (510) 763-4418

Attorneys for Defendant
Avaya Inc. and
Daniel Van Dixhorn

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GEORGE MOORE,<br><br>                    Plaintiff,<br><br>   vs.<br><br>AVAYA, INC., a Delaware Corporation, DANIEL VAN DIXHORN, an individual, and DOES 1-50,<br><br>                    Defendants. | Case No.:  C06-05727 JF  RS<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER**<br><br>Date:    December 22, 2006<br>Time:    10:30 a.m.<br>Dept:    3, 5th Floor |

Defendants Avaya Inc. and Daniel Van Dixhorn and Plaintiff George Moore submit this Joint Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

## I. DESCRIPTION OF THE CASE

This is an employment action brought by a former employee of Avaya Inc. who was terminated when his position was eliminated in a reduction in force in April 2006. Plaintiff George Moore ("Moore") claims he was discriminated against based on his race and retaliated against for complaining of race discrimination in violation of the California Fair Employment and Housing Act (Cal. Gov't. Code §12940 et seq.). Defendants Avaya Inc. ("Avaya") and Van Dixhorn deny that they discriminated or retaliated against Moore and contend that Moore was laid off for legitimate business reasons.

The Complaint was filed in Santa Clara County Court on August 22, 2006, and the case was removed by Defendant to this court based on diversity jurisdiction on September 19, 2006.

## II. FACTUAL AND LEGAL ISSUES IN DISPUTE

1. Whether Moore was terminated based on his race or in retaliation for complaining about race discrimination.

2. Whether Moore complained about discrimination to human resources.

3. Whether Moore can show that Avaya's legitimate business reasons for his termination were a pretext for race discrimination or retaliation.

4. Whether Moore's performance ranking was the lowest among his peers.

5. Whether Moore failed to take advantage of the preventative measures set forth in Defendant's policies or to otherwise avoid the consequences of his termination.

6. Whether Avaya failed to take all steps necessary to prevent discrimination.

7. Whether Moore has suffered any damages as a result of any action or omission of Defendant.

8. Whether Moore has exercised reasonable diligence in mitigating his damages, if any.

9. Whether Moore can state a claim for punitive damages.

## III. OTHER FACTUAL ISSUES

The Parties are unaware of any other material factual issues.

## IV. UNSERVED PARTIES

All Parties named in the Complaint have been served.

## V. ADDITIONAL PARTIES

The Parties do not anticipate the need to include any additional parties at this time.

## VI. ASSIGNMENT TO A MAGISTRATE JUDGE

The Parties do not consent to the assignment of this case to a United States Magistrate Judge for trial.

## VII. ALTERNATIVE DISPUTE RESOLUTION

The Parties are willing to participate in a mediation before a mutually agreeable mediator following a round of initial discovery.

## VIII. OTHER ADR INFORMATION

See above at "VII."

## IX. DISCLOSURES

The Parties certify that they will serve on each other by December 15, 2006, the initial disclosures required by Local Rule 16-5 and Rule 26 of the Federal Rules of Civil Procedure.

## X. DISCOVERY

The Parties propose the following discovery schedule:   The completion of Plaintiff's deposition by February 28, 2007.  The completion of Defendant's representatives by April 30, 2007.  The completion of follow-up written discovery and third party depositions by June 30, 2007.  The completion of mediation by June 30, 2007.

/ / /

## XI. TRIAL SCHEDULE

The parties request that the Court schedule a Case Management Conference after mediation and that all trial and pre-trial dates be set at that time. The parties expect that any trial would be less than 7 days in length.

HINKLE, JACHIMOWICZ, POINTER & MAYRON

Dated: December 12, 2006     By: _____
                                  Amy Carlson

Attorneys for Plaintiff
GEORGE MOORE

FISHER & PHILLIPS LLP

Dated: December 12, 2006     By: _____
                                  Stacey A. Zartler
                             Attorneys for Defendant
                             AVAYA INC.

---

*Moore v. Avaya Inc.*
JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND ORDER

C06-05727 JF RS

4

1

**CASE MANAGEMENT ORDER**

2   The Case Management Statement and Proposed Order is hereby adopted by the Court as
3 the Case Management Order for the case and the parties are ordered to comply with this Order.
4 In addition the Court orders:

5

6
    Dated: _____        _____
7                                          HONORABLE JEREMY FOGEL
                                           UNITED STATES DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I am a citizen of the United States and a resident of Alameda County. I am over 18 years of age and not a party to this action. My business address is 501 - 14th Street, Suite 200, Oakland, CA 94612. On this date I served the within **JOINT CASE MANAGEMENT STATEMENT** in said action:

__x__ (by mail) on all parties in said action in accordance with Code of Civil Procedure §1013, by placing a true and correct copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At Fisher & Phillips, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the County of Alameda, California.

____ (by Federal Express) on all parties in said action by depositing a true and correct copy thereof in a sealed packet for overnight mail delivery, with charges thereon fully paid, in a Federal Express collection box, at Oakland, California, and addressed as set forth below.

____ (by facsimile transmission) on all parties in said action, by transmitting a true and correct copy thereof from our office facsimile machine, (510) 763-4418, to the facsimile machine number(s) shown below. Following transmission, I received a "Transmission Report" from our fax machine indicating that the transmission had been transmitted without error.

Gerald A. Emanuel                                   <u>Attorneys for Plaintiff</u>
Amy Carlson
Hinkle, Jachimowicz, Pointer & Mayron
2007 West Hedding Street, Suite 100
San Jose, CA 95128

Telephone: (408) 246-5500
Facsimile: (408) 246-1051

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 15, 2006, at Oakland, California.

Judy Keenan

CERTIFICATE OF SERVICE                                                                                   1

Oakland 98135.1